UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **ERICK VAZQUEZ-CHAVEZ** § | | |
| *Plaintiff,* § | | |
| § | | |
| v. § | CAUSE NO.  5:22-cv-00398 | |
| § | | |
| **COMMERCE GARDENS, LLC** § | | |
| *Defendants*. § | | |

### DEFENDANT COMMERCE GARDENS, LLC'S NOTICE OF REMOVAL

Defendant, Commerce Gardens, LLC, hereby removes this lawsuit styled *Erick Vazquez-Chavez v. Commerce Gardens, LLC* which is currently pending in the District Court for the 37th Judicial District of Bexar County, Texas, Cause No. 2022CI04585, to the United States District Court for the Western District of Texas, San Antonio Division, pursuant to 28 U.S.C. §§ 1441 and 1446, on the grounds of diversity of citizenship, and would respectfully show the Court as follows:

## I.
### BACKGROUND

1. On March 11, 2022, Plaintiff, Erick Vazquez-Chavez (hereinafter "Plaintiff"), filed his Original Petition in which he alleges causes of action stemming from personal injuries he allegedly sustained in a shooting on or about November 11, 2021 on Defendant's property at 3144 East Commerce Street, San Antonio, Texas 78220.

2. Plaintiff alleges Defendant Commerce Gardens, LLC is liable to Plaintiff under the theory of premises liability and negligence for failing to maintain the premises with proper lighting and security in a reasonably safe condition, failing to inspect the premises for proper lighting and security where the dangerous condition existed, failing to correct the condition by taking

reasonable measures to safeguard persons entering the premises, and failing to inform Plaintiff of the dangerous condition existing on the premises.

3. Plaintiff has pled for monetary relief in excess of $250,000.00, but not more than $1,000,000.00. *See* <u>Exhibit A</u>, Plaintiff's Original Petition, ¶ 3. Confusingly, Plaintiff has also pled that the amount in controversy does not exceed $75,000.00. *Id.*

4. Defendant was served with process on March 23, 2022. *See* <u>Exhibit B</u>, Return of Citation.

5. Defendant filed its Original Answer on April 18, 2022. *See* <u>Exhibit C</u>, Defendant's Original Answer.

## II.
### GROUNDS FOR REMOVAL

6. This Court has original jurisdiction of this suit based on 28 U.S.C. § 1332(a) because this suit involves a controversy between citizens of different states and there is complete diversity between the parties at the time of the filing of the suit and at the time of the removal. Further, the amount in controversy, exclusive of interest and costs, exceeds $75,000.00.

**A. Parties are Diverse.**

    **i. <u>Plaintiff's Domicile</u>**

7. Plaintiff, Erick Vazquez-Chavez, is a natural person who is domiciled in Bexar County, Texas. Plaintiff has not pled any other facts of residency, intention to leave Texas, or domiciles in other states. Accordingly, Defendant asserts that absent the same, Plaintiff's citizenship at the time of the filing of the suit and at the time of removal is properly established as the State of Texas.

    **ii. <u>Commerce Gardens LLC's Domicile</u>**

8. Defendant, Commerce Gardens, LLC, is an unincorporated, single member limited liability company. Defendant is a citizen of the State of New Jersey.

### B. Amount in Controversy

9. The party seeking federal jurisdiction must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000.00. *Grant v. Chevron Phillips Chem. Co. L.P.,* 309 F.3d 864, 868 (5th Cir. 2002). The removing party may satisfy its burden by either (1) demonstrating that it is "facially apparent" from the petition that the claim likely exceeds $75,000.00, or (2) "by setting forth the facts in controversy—preferably in the removal petition, but sometimes by affidavit—that support a finding of the requisite amount." *Allen v. R & H Oil & Gas Co.,* 63 F.3d 1326, 1335 (5th Cir. 1995).

10. If a defendant can produce evidence that establishes the actual amount in controversy exceeds the jurisdictional threshold, a plaintiff must be able to show that, to a legal certainty, he will not be able to recover more than the damages for which he has prayed in the state court complaint.[1]

#### i. It is facially apparent from the petition that the claim likely exceeds $75,000.00

11. Plaintiff claims he is seeking monetary relief over $250,000.00 but not more than $1,000,000.00. Original Petition, ¶ 3. Confusingly, in the same paragraph Plaintiff also pleads that the amount in controversy does not exceed $75,000.00. Original Petition, ¶ 3.

12. Plaintiff claims he "was shot in his torso and suffered severe injuries as a result." Original Petition, ¶ 6. Plaintiff also claims he was "seriously injured" and is entitled to past and future medical expenses, past and future pain, suffering, and mental anguish, past and future physical impairment, past and future physical disfigurement, and past lost wages and future loss of earning capacity. Original Petition, ¶ 13. Due to Plaintiff's claim for monetary relief over $250,000.00 but not more than $1,000,000.00 and the severity of Plaintiff's alleged injuries due to a gunshot wound

---

[1] *See De Aguilar v. Boeing Co.,* 47 F.3d 1404, 1409 (5th Cir. 1995).

to his torso, it is facially apparent that the amount in controversy meets the requirement set forth in 28 U.S.C. § 1332.

### III.
### REMOVAL IS PROCEDURALLY PROPER

13. This notice of removal is timely filed within thirty (30) days after service of process upon Defendant.

14. Venue is proper in this Court under 28 U.S.C. §1441(a) since the District and Division of this Court includes San Antonio County, Texas, the county where the State Court suit was filed.

15. Pursuant to 28 U.S.C. §1446(a), all pleadings, process, orders, and all other filings in the state court action are attached herein.

16. Pursuant to 28 U.S.C. §1446(d), Defendant will promptly provide a true and correct copy of this Notice of Removal to Plaintiff and to the Clerk of Bexar County District Court.

### IV.
### CONCLUSION AND PRAYER FOR RELIEF

WHEREFORE, Defendant, Commerce Gardens, LLC, requests that the Court accept jurisdiction over the state court action for the reasons set forth above, and grant Defendant any such other and further relief to which it may show itself justly entitled.

[*Signature on following page*]

Respectfully submitted,

**VALDEZ & TREVIÑO,**

**ATTORNEYS AT LAW, P.C.**
Callaghan Tower
8023 Vantage Drive, Suite 700
San Antonio, Texas 78230
Phone: 210–598–8686
Fax: 210–598–8797

/s/ Jose "JJ" Trevino, Jr.
**Jose "JJ" Trevino, Jr.**
State Bar No. 24051446
jtrevino@valdeztrevino.com
**Ryan S. McDaniel**
State Bar No. 24104879
rmcdaniel@valdeztrevino.com
*Counsel for Defendant Commerce Gardens, LLC*

## CERTIFICATE OF SERVICE

I do hereby certify that the foregoing instrument was served on the following counsel this 22nd day of April 2022, pursuant to Rule 5 of the Federal Rules of Civil Procedure, via email and via e-service in the state court proceeding:

Daniel Perez
DASPIT LAW FIRM
9601 McAllister Freeway, Suite 914
San Antonio, Texas 78216
e-service@daspitlaw.com
*Counsel for Plaintiff*

/s/ Jose "JJ" Trevino, Jr.
**Jose "JJ" Trevino, Jr.**